UNITED STATES of America ex rel.
George SIMMONS,
Plaintiff-Appellant,

v.

Mr. Robert J. ZIBILICH, Attorney at
Law, et al., Defendants-Appellees.

No. 76–2522
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Nov. 11, 1976.

David F. Edwards, New Orleans, La., for plaintiff-appellant.

C. Gordon Johnson, Jr., New Orleans, La., for defendants-appellees.

Before WISDOM, GEE and TJOFLAT, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment dismissing a civil rights action by a convict against the court-appointed attorney who conducted his state court defense. We affirm.

In 1974, the Orleans Parish Criminal District Court convicted Plaintiff-Appellant Simmons of first degree murder. At the time, his attorney was Robert Zibilich, Defendant-Appellee in this case. Zibilich had made his services available to the court as a volunteer with the Orleans Parish indigent defender board pursuant to La.Rev.Stat. Art. 15:141,[1] and the court appointed him to

---

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al.,* 5 Cir. 1970, 431 F.2d 409, Part I.

**1.** This statute directs the establishment of indigent defender boards for each judicial district in Louisiana. On the Orleans Parish board sit from five to seven Louisiana-licensed attorneys appointed by the Criminal District Court for Orleans Parish. The members of the board serve without compensation, and maintain a panel of volunteer attorneys for assignment to indigent defendants. When the state supplies counsel to indigent defendants, the court refers the defendant to the board, which appoints an attorney to represent the defendant. The

serve in Simmons' murder trial. Apparently, Simmons became dissatisfied with the services provided him by Zibilich, and in November, 1975, filed this action *pro se* for a bite of Good Samaritan's hand.

■ The complaint poses the difficulty of knowing precisely (or even imprecisely) on what theories Simmons founds his case and of determining what relief he seeks. Courts have held over and over again that complaints are to be construed liberally and that *pro se* complaints deserve even greater latitude in construction. *See, e. g., Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Fajeriak v. McGinnis,* 493 F.2d 468 (9 Cir. 1973); *Neal v. Georgia,* 469 F.2d 446 (5 Cir. 1972). We must not, however, apply these rules in such a manner that the plaintiff's pleadings themselves become irrelevant; rather, "we should use common sense in interpreting the frequently diffuse pleadings of *pro se* complaints." *McKinney v. De Bord,* 507 F.2d 501, 504 (9 Cir. 1974). Under this standard, and giving the fullest possible construction to Simmons' allegations and averments, we read his complaint to allege that Zibilich violated Simmons' Sixth Amendment right to effective representation of counsel by (1) failing to assert all defenses at trial, (2) failing to file a

timely appeal, (3) failing to prepare an appeal, and (4) failing to investigate the case properly. Simmons also alleges that these four omissions constitute professional malpractice. The complaint characterizes Zibilich's omissions as state action. Simmons then prays for damages, compensatory and punitive, for the injury caused by the alleged omissions set out in the complaint.

Also named as defendant in the complaint is the State of Louisiana. Against the State, Simmons claims, without elaboration, that the Orleans Parish indigent defender program violates the Sixth Amendment. He asks for damages for injury, declaratory judgment of the program's unconstitutionality, and an injunction against its use and operation.[2]

After lodging the complaint, Simmons received permission to proceed *in forma pauperis,* and accepted court-appointed counsel. Instead of answering the complaint, Zibilich filed a motion to dismiss for failure to state a claim as to him (F.R.Civ.P. 12(b)(6)), coupled with a motion for summary judgment (F.R.Civ.P. 56). Simmons' counsel opposed these motions, filing a brief based on claims under 42 U.S.C. § 1983, and briefly discussing 42 U.S.C. § 1985. Despite the arguments presented there, the district court granted Zibilich's motion, dismissing Simmons' action.[3]

Criminal District Court maintains tight control over the procedure of selecting counsel, both generally and in individual cases, as well as over the amount fixed as compensation for counsel (when funds are available).

2. Simmons invokes the jurisdiction of the federal courts by virtue of 28 U.S.C. §§ 1331(3), 1334(4), 2201 et seq., and 2251 and 42 U.S.C. § 1988. Apparently the references to §§ 1331(3) and 1334(4) are typographical errors, since there are no sections in 28 U.S.C. by those numbers. Rather, Simmons appears to intend reference to §§ 1343(3) and (4), which give jurisdiction over civil rights actions. Sections 2201 and 2202 contain the jurisdictional grant for declaratory judgments. Under § 2251, the federal courts may stay state court proceedings in habeas corpus cases. Such a jurisdictional recitation seems irrelevant to the present case. Finally, the reference to 42 U.S.C. § 1988 is somewhat puzzling. That section provides, in effect, that the federal courts "[have] power to apply state statutes in the

trial and disposition of cases within their jurisdiction when federal laws are not adapted to the protection of civil rights, so long as the state law is not inconsistent with the Constitution and laws of the United States." *Hall v. Wooton,* 506 F.2d 564 (6 Cir. 1974). *See also Moor v. Alameda County,* 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973). Section 1988 does not independently confer jurisdiction, neither does it incorporate into federal law entire state causes of action. *See Moor v. Alameda County, supra.* Instead, it seems to be a procedural statute, amplifying the store of remedies and procedures available to federal judges in vindicating civil rights. On the basis of the record in this case, § 1988 has no application here.

3. The district court's order does not state whether it rests on Rule 12(b)(6) or on Rule 56. That difficulty raises no material obstacle, since the standard to be met in granting a 12(b)(6) motion (plaintiff unable to prove any

On appeal, Simmons' counsel's arguments proceed solely from 42 U.S.C. §§ 1983 and 1985, and touch only Zibilich's alleged wrongdoings. Apparently, then, Simmons has chosen to let stand the judgment against him insofar as it concerns the State of Louisiana and the Orleans Parish indigent defender program. *See United States v. Spector,* 343 U.S. 169, 72 S.Ct. 591, 96 L.Ed. 863 (1952); *O'Neal v. Union Prod. Co.,* 153 F.2d 157 (5 Cir. 1946). We therefore consider his §§ 1983 and 1985 claims, as we suppose them.

█  The § 1983 controversy concerns a single threshold question: whether a court-appointed volunteer attorney bears § 1983 liability for malpractice-type actions or omissions in relation to a criminal trial. We hold that he does not, because his acts allegedly in violation of a client's constitutional rights are not under color of state law; that is, no state action exists here.

Facing this question, the First, Third, Sixth, Seventh, Eighth, and Ninth Circuits have held that a court-appointed defense attorney acting in a criminal case does not act under color of state law. *Harkins v. Elderedge,* 505 F.2d 802 (8 Cir. 1974); *Page v. Sharpe,* 487 F.2d 567 (1 Cir. 1973); *Barnes v. Dorsey,* 480 F.2d 1057 (8 Cir. 1973); *Szijarto v. Legeman,* 466 F.2d 864 (9 Cir. 1972); *Brown v. Joseph,* 463 F.2d 1046 (3 Cir. 1972), *cert. denied,* 412 U.S. 950, 93 S.Ct. 3015, 37 L.Ed.2d 1003 (1973); *Thomas v. Howard,* 455 F.2d 228 (3 Cir. 1972); *Sinclair v. Spatocco,* 452 F.2d 1213 (9 Cir.), *cert. denied,* 409 U.S. 886, 93 S.Ct. 102, 34 L.Ed.2d 142 (1972); *Dyer v. Rosenberg,* 434 F.2d 648 (9 Cir. 1970); *French v. Corrigan,* 432 F.2d 1211 (7 Cir. 1970), *cert. denied,* 401 U.S. 915, 91 S.Ct. 890, 27 L.Ed.2d 814 (1971); *Mulligan v. Schlachter,* 389 F.2d 231 (6 Cir. 1968). For our part, we have held

that a § 1983 action against retained counsel for acts or omissions in a criminal trial must fail for lack of state action. *Nelson v. Stratton,* 469 F.2d 1155 (5 Cir. 1972), *cert. denied,* 410 U.S. 957, 93 S.Ct. 1432, 35 L.Ed.2d 691 (1973). And in *O'Brien v. Colbath,* 465 F.2d 358 (5 Cir. 1972), we held, in effect, that this rule extends to court-appointed counsel, saying that § 1983 does not take cognizance of malpractice-type claims against court-appointed counsel. Such are the claims made by Plaintiff-Appellant in this case.

The lack of state action for volunteer court-appointed counsel follows from the nature of the attorney-client relationship underlying disputes such as the instant one. The court-appointed attorney, like any retained counsel, serves his client. He represents the client, not the state. The ancillary facts that the court has a hand in providing counsel, and that the attorney selection board in Orleans Parish obtains its authority from statute, do not alter the attorney-client relationship. That relationship is our concern here. Accordingly, the district court correctly disallowed any § 1983 claim raised by Plaintiff-Appellant, since the situation presents no state action.

██  Turning, then, to the § 1985 ground asserted in Plaintiff-Appellant's brief, a different group of issues requires resolution. Arguably, Simmons may not urge this ground on appeal because he failed to raise it in the trial court. The complaint neither mentions § 1985 nor so much as hints at a conspiracy, proof of which forms an essential element of such a cause of action. And Simmons' counsel merely mentioned § 1985 in his brief opposing Zibilich's motion to dismiss; he gave no real indication of relying on § 1985.[4] Even

---

set of facts that would entitle him to recovery) and the standard for granting a motion for summary judgment (no dispute of material fact and movant entitled to judgment by law) both reduce to the same question in this case: Was defendant entitled to judgment on the basis that the law does not recognize a federal cause of action for the facts alleged by plaintiff.

4. The only mention of § 1985 lies buried in Simmons' brief in opposition to Zibilich's mo-

tions. In its entirety, the relevant passage asserts:

Finally, even if the element of state law were found to be lacking in this case, which plaintiff does not concede, it must be remembered that an action under Section 1985 for conspiracy to deprive one's civil rights need not have been committed "under color of state law." *E. g., Bellamy v. Mason's Stores, Inc.,* 508 F.2d 504 (4 Cir. 1974). On this ground alone, plaintiff's complaint could withstand a motion to dismiss.

a broad reading of this attorney-prepared response does not convince us that § 1985 ever really entered the script as a ground for recovery in the trial court. That appearing so, this new theory ought to be foreclosed on appeal. *Capps v. Humble Oil & Refining Co.,* 536 F.2d 80 (5 Cir. 1976); *Wolf v. Frank,* 477 F.2d 467 (5 Cir.), *cert. denied,* 414 U.S. 975, 94 S.Ct. 287, 38 L.Ed.2d 218 (1973). But, to undertake decision of the question, we rule that Simmons' conclusory pleadings fail to allege any facts on which to base a charge of conspiracy to deprive appellant of his civil rights. The motion to dismiss was properly granted. *See Waits v. McGowan,* 516 F.2d 203, 208 (3 Cir. 1975); *Barnes v. Dorsey,* 480 F.2d 1057 (8 Cir. 1973); *Louisiana ex rel. Parkey v. Ciolino,* 393 F.Supp. 102 (E.D.La.1975).

Accordingly, we hold that the district court properly dismissed Simmons' complaint, and its opinion is hereby

AFFIRMED.