Benjamin Harrison WILLIAMS, Jr.,
Plaintiff–Appellant,

v.

Charlie RHODEN, Charles Tompkins, J. S. Padgett, Defendants–Appellees.

No. 79–2884.

United States Court of Appeals,
Fifth Circuit.

Nov. 6, 1980.

---

Robert E. Warren, Jacksonville, Fla. (Court–appointed), for plaintiff–appellant.

Julius F. Parker, Jr., Tallahassee, Fla., for defendants–appellees.

Before VANCE, FRANK M. JOHNSON, Jr. and THOMAS A. CLARK, Circuit Judges.

FRANK M. JOHNSON, Jr., Circuit Judge:

This is an appeal from the dismissal of a Section 1983 suit for damages filed by Benjamin Harrison Williams, Jr., a prisoner in the Florida state prison system.[1]

---

1. 42 U.S.C. § 1983 provides in full:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction

On a standard civil rights complaint form issued by the United States District Court for the Middle District of Florida, Williams alleged facts indicating that while detained in the Hamilton County, Florida, jail he was wrongfully shot and seriously wounded by the chief deputy jailer, and that subsequently 15 other persons—the county sheriff and a deputy sheriff, a state judge, two state prosecuting attorneys, Williams' court–appointed attorney, two agents of the Federal Bureau of Investigation, and several members of the Florida Probation and Parole Commission—acted to cover up the incident, to illegally imprison him for escape as part of the cover–up and to prevent him from seeking redress in court, thus depriving Williams of his federal rights.

■ Six months after Williams paid the required filing and service fees, the district court dismissed the complaint against 13 of the 16 defendants—all but the sheriff, deputy sheriff, and chief deputy jailer—without service of process. This was error. In processing a prisoner's pro se civil rights complaint filed in forma pauperis under 28 U.S.C. § 1915, a district court is entitled, pursuant to Section 1915(d), to dismiss the complaint prior to service of process if the court determines the complaint to be frivolous or malicious. *See Mitchell v. Beaubouef,* 581 F.2d 412, 415 (5th Cir. 1978), *cert. denied,* 441 U.S. 966, 99 S.Ct. 2416, 60 L.Ed.2d 1072 (1979); *Watson v. Ault,* 525 F.2d 886, 893 (5th Cir. 1976). Here, however, because the district court refused to allow Williams to proceed in forma pauperis, Section 1915(d) did not apply. The action was governed from the outset by the Federal Rules of Civil Procedure. *See Hardwick v. Ault,* 517 F.2d 295, 298 (5th Cir. 1975). Those rules specifically required that "[u]pon the filing of the complaint the clerk shall forthwith issue a summons and

deliver it for service to the marshal or to a person specially appointed to serve it." Fed.R.Civ.P. 4(a).[2] Williams having paid the fees required by the district court and his complaint having been filed, service on all defendants in accordance with Fed.R. Civ.P. 4 should have proceeded forthwith.

■ For the benefit of the district court on remand, we note that even had service of process been unnecessary under the rules, the district court's dismissal of Williams' complaint against the 13 defendants would have been improper. As this Court and the Supreme Court have stated, a prisoner's pro se complaint

> "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears " 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' "

*Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976), *quoting Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), *and Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957). *See, e. g., Taylor v. Gibson,* 529 F.2d 709, 714 (5th Cir. 1976).

■ The district court dismissed Williams' complaint against three of the 13 defendants—the state judge and two state prosecuting attorneys—on the ground that state judges and prosecutors are absolutely immune from suits for damages under Section 1983. A state judge has absolute immunity from Section 1983 damage suits for acts not in the " 'clear absence of all jurisdiction.' " *Stump v. Sparkman,* 435 U.S. 349, 356–57, 98 S.Ct. 1099, 1104, 55 L.Ed.2d 331 (1978); *Bradley v. Fisher,* 80 U.S. (13

---

thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the person injured in an action at law, suit in equity, or other proper proceeding for redress.

2. *See, e. g., Frankos v. LaVallee,* 535 F.2d 1346, 1347 n.1 (2d Cir.), *cert. denied,* 429 U.S. 918, 97

S.Ct. 310, 50 L.Ed.2d 284 (1976); *Dear v. Rathje,* 485 F.2d 558, 560 (7th Cir. 1973); *Jenks v. Henys,* 378 F.2d 334, 335 (9th Cir. 1967); *Bauers v. Heisel,* 361 F.2d 581, 584 n.3 (3d Cir. 1966), *cert. denied,* 386 U.S. 1021, 87 S.Ct. 1367, 18 L.Ed.2d 457 (1967); Moore's Federal Practice ' 4.04.

Wall.) 335, 20 L.Ed. 646 (1972). *See, e. g., Turner v. Raynes*, 611 F.2d 92, 93–94 (5th Cir. 1980). Similarly, a state prosecuting attorney has absolute immunity from Section 1983 damage suits for "acts that are an integral part of the judicial process." *Henzel v. Gerstein*, 608 F.2d 654, 657 (5th Cir. 1979), *citing Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S.Ct. 984, 994, 47 L.Ed.2d 128 (1975).[3] Whether Williams is complaining of acts that fall within these spheres of absolute immunity is unclear. Giving Williams' complaint the liberal reading the law requires, it cannot be said to be beyond doubt that Williams can prove no facts in support of his claim against the judge and prosecutors which would entitle him to relief. Contrary to the district court's evident belief, this immunity question cannot be determined without some factual development.

 The district court dismissed the complaint against Williams' court–appointed attorney on the ground that Section 1983 was "never intended as a vehicle for prosecuting suits against court–appointed attorneys," and against the two F.B.I. agents on the ground that the agents could not have been acting under color of state law as Section 1983 requires. It is settled law in this Circuit that the acts of court–appointed attorneys are not 'state action' within the meaning of Section 1983. *See, e. g., United States ex rel. Simmons v. Zibilich*, 542 F.2d 259, 261 (5th Cir. 1976). It also appears that the acts of F.B.I. agents are not 'state action' within the meaning of Section 1983. However, read with the required liberality, Williams' complaint asserts a single conspiracy among all 16 defendants to deprive Williams of his federal rights. As Judge Charles Clark wrote for the Court in *Slavin v. Curry*, 574 F.2d 1256 (5th Cir. 1978), also a Section 1983 prisoner pro se case:

The contention that a conspiracy existed which deprived the petitioner of rights guaranteed by federal law makes each member of the conspiracy potentially liable for the effects of that deprivation. Liability arises from membership in the conspiracy and from traditional notions that a conspirator is vicariously liable for the acts of his co–conspirators. Liability does not arise solely because of the individual's own conduct. Some personal conduct may serve as evidence of membership in the conspiracy, but the individual's actions do not always serve as the exclusive basis for liability. It is therefore not sufficient justification to say that a claim against a particular defendant must be dismissed because that defendant would be immune from liability for his own conduct. Additional inquiry is required to determine whether the immunity extends also to participation in a conspiracy. For example, private individuals may not be held liable under Section 1983 for their conduct. They may nevertheless be held liable if they conspired with a person who acted under color of state law.

574 F.2d at 1263 (citations omitted).[4] In other words, although Williams' court–appointed attorney and the F.B.I. agents may not themselves have acted under color of state law, they may have been members of a conspiracy and thus be vicariously liable for the acts of others who did act under color of state law.[5] Thus, the complaint against them should not have been dismissed. Here again some factual development and findings are required.

 The district court dismissed the complaint against the other seven of the 13 defendants—the members of the state probation and parole commission—on the ground that the possibility of obtaining pa-

---

3. For recent discussions of the scope of a state prosecutor's immunity from liability under Section 1983, see *Cook v. Houston Post*, 616 F.2d 791, 793 (5th Cir. 1980), and *Marrero v. City of Hialeah*, 625 F.2d 499, 502 (5th Cir. 1980).

4. *See also Sparks v. Duval County Ranch Company*, 604 F.2d 976, 983 (5th Cir. 1979) (en banc) (abolishing doctrine of derivative immu-

nity for private persons who conspire with judges), *cert. granted sub nom. Dennis v. Sparks*, 445 U.S. 942, 100 S.Ct. 1336, 63 L.Ed.2d 775 (1980).

5. Such vicarious liability is a possibility for other defendants named in this case.

role is not a recognized entitlement protected by the due process clause of the Fourteenth Amendment. *See, e. g., Gomez v. Toledo*, —— U.S. ——, ——, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980) (in order to state a claim for relief under Section 1983, plaintiff must allege that some person has deprived him of a federal right). It is true that state prisoners do not necessarily have a federal right to due process in parole release hearings. *See Greenholz v. Nebraska Penal Inmates*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). However, even assuming that Williams had no such right here and thus that the Florida parole commission members he named could have acted arbitrarily and capriciously in denying him parole and still escape possible liability under Section 1983, *cf. Johnson v. Wells*, 566 F.2d 1016, 1017 (5th Cir. 1978) (involving Texas parole procedures), parole commission members cannot escape possible Section 1983 liability for decisions to deny parole made in retaliation against or so as to hinder the exercise of federally protected rights. *See Johnson v. Wells*, 566 F.2d at 1017–18. *Cf. Mount Healthy City Board of Education v. Doyle*, 429 U.S. 274, 283–84, 97 S.Ct. 568, 574, 50 L.Ed.2d 471 (1977).[6] Williams' complaint alleges that the parole commission members named acted with just such a motivation in repeatedly denying him parole. Although in this Circuit state parole officials are entitled to immunity from Section 1983 damage suits for acts undertaken in good faith, *see e. g., Henzel v. Gerstein*, 608 F.2d at 658–69,[7] the burden is on the officials to plead good faith as an affirmative defense. *See Gomez v. Toledo*, —— U.S. at ——, 100 S.Ct. at 1923 (in an action brought under Section 1983 against a

public official whose position might entitle him to qualified immunity, plaintiff is not required to allege that defendant acted in bad faith in order to state a claim for relief; burden is on defendant to plead good faith as an affirmative defense). Before the district court may make a proper ruling on this issue, some factual development is necessary. *See, e. g., Imbler v. Pachtman*, 424 U.S. at 419, 96 S.Ct. at 989 n.13 ("fate of an official with qualified immunity depends upon the circumstances and motivations of his actions, as established by the evidence at trial"). As the previous discussion indicated, some factual development is also necessary before it can be determined whether the parole commission members participated in a conspiracy to deprive Williams of his federal rights and are thus subject to vicarious liability for the acts of their co-conspirators. *See* note 5, *supra; Slavin v. Curry*, 574 F.2d at 1265. The complaint against the state probation and parole commission members should not have been dismissed.

■■ After dismissing Williams' complaint against 13 of the 16 defendants, as discussed above, the district court directed service on the remaining three—the sheriff, deputy sheriff, and chief deputy jailer. These defendants responded with a motion to dismiss the complaint as barred by the appropriate statute of limitations. The district court granted the motion. This was error. As the district court realized, there is no congressionally enacted statute of limitations for actions under 42 U.S.C. § 1983. Federal courts must apply the appropriate state limitations period. *O'Sullivan v. Felix*, 233 U.S. 318, 34 S.Ct. 596, 58 L.Ed. 980

---

6. In *Mount Healthy*, an untenured schoolteacher brought an action against his employer school board claiming that the board's refusal to rehire him violated his First and Fourteenth Amendment rights. The Court, in an opinion by Justice Rehnquist, held that the teacher's untenured status did not defeat his claim. The Court stated that:

Even though [the teacher] could have been discharged for no reason whatever, and had no constitutional right to a hearing prior to the decision not to rehire him, *Board of Regents v. Roth*, 408 U.S. 564 [92 S.Ct. 2701, 33

L.Ed.2d 548] (1972), he may nonetheless establish a claim to reinstatement if the decision not to rehire him was made by reason of his exercise of constitutionally protected First Amendment freedoms. *Perry v. Sindermann*, 408 U.S. 593 [92 S.Ct. 2694, 33 L.Ed.2d 570] (1972).

429 U.S. at 283–84, 97 S.Ct. at 574.

7. The Supreme Court has yet to decide the question. *See Martinez v. California*, 444 U.S. 277, 285, 100 S.Ct. 553, 559 n.11, 62 L.Ed.2d 481 (1980).

(1914); *Dumas v. Town of Mount Vernon*, 612 F.2d 974, 977 (5th Cir. 1980). *See* 42 U.S.C. § 1988. *See generally Board of Regents v. Tomanio*, —— U.S. ——, ——, 100 S.Ct. 1790, 1794, 64 L.Ed.2d 440 (1980). In determining that Williams' complaint was barred, the district court mistakenly applied the Florida statute of limitations provision applicable to actions for battery and intentional torts. As noted above, and as Williams argued pro se below and through his appointed counsel here on appeal, Williams' complaint, read with the required liberality, does not allege simply a number of separate deprivations, such as the shooting on which the district court focussed. It also alleges a single conspiracy among all 16 of the defendants to cover up the shooting, to illegally imprison him and to prevent him from seeking redress in court. He alleges this conspiracy continued up to the time of the filing of the suit. *See Slavin v. Curry*, 574 F.2d at 1261. Thus, this conspiracy claim is clearly not barred by the Florida statute of limitations. Under Florida law, the statute of limitations for a civil conspiracy action is four years. *See* Fla.Stat. § 95.11(3); *Faulk v. Allen*, 152 Fla. 413, 12 So.2d 109, 110–11 (1943); *Timmins v. Firestone*, 283 So.2d 63, 65 (Fla. 4th Dist.Ct.App.1973). Williams is still incarcerated and as stated his complaint is properly read to contend that the conspiracy to deprive him of his civil rights is continuing. The complaint alleges as one of the conspiracy's latest acts the parole commission members' decision to deny parole to Williams in 1976. The complaint was filed in 1978.

In conclusion we note that in a series of opinions spanning several years this Court has outlined acceptable procedures to be followed by the district courts of this Circuit in handling prisoner civil rights cases. *See, e. g., Mitchell v. Beaubouef*, 581 F.2d at 415–16 (5th Cir. 1978) (citing opinions and repeating some of the acceptable proce-

dures outlined). The Court's core concern has been to ensure that, whatever procedure a district court employs, the procedure is such as to assure that prisoners' claims receive fair, adequate and meaningful consideration. The record discloses that the procedures followed by the district court in this case fell short of this mark. The district court denied Williams' repeated applications for leave to proceed in forma pauperis and required him to prepay filing and service fees of $49.20, despite the fact that Williams' in forma pauperis affidavit showed that he had only $75.95.[8] The district court denied Williams' request for appointment of counsel, unquestionably a decision to be left to the sound discretion of the district court, not because the court felt that appointment of counsel in this case was for some reason unnecessary but rather because the court concluded that "no counsel are available for the handling of this case."[9] Although the district court certified that this appeal was not taken in good faith, *see* Fed.R.App.P. 24(a), we granted Williams' pro se application for leave to appeal in forma pauperis and his pro se motion for appointment of counsel to represent him before our panel.

Our disposition of this appeal is not intended to intimate a view on the merits of any charge as to any defendant. We hold only that the action was not appropriate for dismissal on the grounds asserted and in the manner followed.

The decision of the district court to dismiss this action with prejudice as barred by the Florida statute of limitations is reversed. The case is remanded for further proceedings consistent with this opinion, beginning with the direction of service of process in accordance with Fed.R.Civ.P. 4 on the 13 defendants against whom the complaint was originally dismissed.

REVERSED and REMANDED.

---

8. *See Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40, 69 S.Ct. 85, 89, 93 L.Ed. 43 (1948); *In re Smith*, 600 F.2d 714, 714-16 (8th Cir. 1979); *Souder v. McGuire*, 516 F.2d 820, 821-24 (3d Cir. 1975); *Kitchens v. Alderman*, 376 F.2d 262, 263 (5th Cir. 1967).

9. In this regard, see generally *United States ex rel. Wissenfeld v. Wilkins*, 281 F.2d 707, 715–16 (2d Cir. 1960).