**Robert L. RUDOLPH, Plaintiff,**

v.

**Walter L. ALLEN, Defendant.**

**No. 82–7002.**

United States Court of Appeals, Eleventh Circuit.

Jan. 22, 1982.

---

Robert L. Rudolph, pro se.

Rushton, Stakely, Johnston & Garrett, Thomas H. Keene, Montgomery, Ala., for defendant.

Before TJOFLAT, VANCE, and CLARK, Circuit Judges.

BY THE COURT:

Robert Rudolph is a prisoner of the State of Alabama, serving sentences totaling thirty-five years following his 1974 conviction in the Circuit Court of Montgomery, Alabama, for crimes against nature and for

second degree murder. In 1980 he instituted this action in the district court[1] against Walter Allen, his court-appointed counsel in the state criminal proceedings, seeking damages under 42 U.S.C. § 1983 for ineffective assistance of counsel.

The court dismissed the action under the doctrine of res judicata; in 1977, it had dismissed an identical § 1983 suit by Rudolph against Allen[2] from which Rudolph took no appeal. In the alternative, the court reiterated its holding in the first action that a § 1983 suit against appointed counsel must fail for lack of state action. *United States ex rel. Simmons v. Zibilich,* 542 F.2d 259 (5th Cir. 1976); *O'Brien v. Colbath,* 465 F.2d 358 (5th Cir. 1972).

Rudolph's application to the district court for leave to appeal its order in forma pauperis was denied and his subsequent application to this court is before us. Because the district court's order clearly is in accord with the decisions of this court, Rudolph's appeal is frivolous. Therefore, we deny his application to proceed in forma pauperis. *Coppedge v. United States,* 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962).

IT IS ORDERED that the petitioner's pro se application for leave to appeal in forma pauperis is DENIED.

CLARK, Circuit Judge, dissenting:

Because I disagree with the conclusion of the district court and the majority that Rudolph's appeal is not taken in "good faith," within the meaning of 28 U.S.C. § 1915(a) as construed in *Coppedge v. United States,* 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962), I would grant the motion so that Rudolph's appeal might be perfected. We agree that the complaint does not state a claim for which relief can be granted, insofar as it is construed solely as a damages claim against his former attorney under § 1983, and that to this extent an appeal on that issue would be frivolous and would not justify our granting the motion. *Williams v. Rhoden,* 629 F.2d 1099, 1102 (5th Cir. 1980). But considering Rudolph's

---

1. Civil Action No. 80–426–N.

2. Civil Action No. 77–258–N.

pro se complaint with the liberality with which we must regard such pleadings, I cannot say that it appears beyond doubt that he can prove no set of facts that would entitle him to relief. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). The complaint alleges that the assistance rendered by Rudolph's counsel was so inadequate as to subject him to loss of liberty without that degree of due process embodied in the right to counsel. Although claims of attorney malpractice will not lie under § 1983, this does not foreclose relief under the habeas corpus statute, 28 U.S.C. § 2254, if the prisoner is otherwise entitled to such relief. *Courtney v. Reeves,* 635 F.2d 326, 330 (5th Cir. 1981). I believe the lower court erred in regarding Rudolph's complaint solely as an action for damages in constitutional tort and that it should have considered the complaint as a petition for habeas corpus. The liberality which must accompany consideration of prisoner pro se complaints requires no less. *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976), *quoting Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), *and Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957). *See, e.g., Taylor v. Gibson,* 529 F.2d 709, 714 (5th Cir. 1976).

"The Court's core concern has been to ensure that, whatever procedure a district court employs, the procedure is such as to assure that prisoners' claims receive fair, adequate and meaningful consideration." *Williams v. Rhoden,* 629 F.2d 1099, 1104 (5th Cir. 1980). This petitioner has twice now attempted to get the federal courts to consider the adequacy of assistance rendered by his counsel. The majority denies the petitioner that fair, adequate and meaningful consideration which justice and precedent require.