**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 01-50404
Summary Calendar

JOE WHITE,

Plaintiff-Appellant,

versus

TROY WILLIAMSON, Etc.; ET AL.,

Defendants,

TROY WILLIAMSON, Warden, FCI La Tuna; ANTONIO DURRAN,
Counselor, FCI La Tuna; BEN CERECERES, FCI La Tuna,

Defendants-Appellees.

---------------------------------------------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-00-CV-218-H
---------------------------------------------------------
December 5, 2001

Before DAVIS, BENAVIDES and STEWART, Circuit Judges:

PER CURIAM:[*]

Joe White, federal prisoner no. 05405-067, appeals the summary-judgment dismissal of his

action brought pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,

403 U.S. 388 (1971).  White complains that the defendants, employees of the Bureau of Prisons

(BOP), denied him access to the courts by withholding his legal papers pertaining to his appeal of an

unrelated Bivens action.  However, White filed a timely appeal brief in the other action.  His vague

and conclusional allegations are not summary-judgment evidence showing that the defendants' actions

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

caused him any actual injury in relation to his access to the courts. Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999); Brewer v. Wilkinson, 3 F.3d 816, 821 (5th Cir. 1993). The district court's dismissal of the access-to-court claim is affirmed.

White also contends that the defendants retaliated against him for litigating the other Bivens action by forcing him to choose between completing a drug-abuse treatment program (DATP) or filing a timely appeal brief in the other action. He asserts that the defendants ultimately forced him to withdraw from the DATP and forego the possibility of early release. See 18 U.S.C. § 3621(e)(2)(B).

To state a claim of retaliation, an inmate must allege (1) a specific constitutional right, (2) the defendants' intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation. Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999). Retaliation for the exercise of a constitutional right offends the Constitution because it "threatens to inhibit exercise of the protected right." Crawford-El v. Britton, 523 U.S. 574, 589 n.10 (1998). "An action motivated by retaliation for the exercise of a constitutionally protected right is actionable, even if the act, when taken for a different reason, might have been legitimate." Woods, 60 F.3d at 1165. An act that may be lawful if done for "almost any reason or no reason at all" becomes unlawful when done in retaliation for the exercise of a constitutional right. Jackson v. Cain, 864 F.2d 1235, 1248 n.3 (5th Cir. 1989); see also, Williams v. Rhoden, 629 F.2d 1099, 1103 (5th Cir. 1980); Johnson v. Rodriguez, 110 F.3d 299, 313 & n.19 (5th Cir. 1997); McDonald v. Steward, 132 F.3d 225, 230-31 (5th Cir. 1998).

The district court rejected White's retaliation claim by concluding that because "the Defendant's did not violate White's right of access to the courts as a matter of law . . . White's retaliation claim, which is premised on this alleged violation, necessarily fails as well." White made the circular argument that the defendants retaliated for his exercise of the right of access by denying the right. Insofar as this claims restates the denial-of-access claim, it was properly dismissed.

However, the district court did not address White's claim that the defendants retaliated against him by forcing him to withdraw from the DATP. Instead, the court construed the DATP claim as a due process claim and dismissed it because White had no constitutionally protected liberty interest

in the DATP. See Rublee v. Fleming, 160 F.3d 213, 217 (5th Cir. 1998). To the extent White asserts a free-standing due process claim based on his withdrawal from the DATP, the district court correctly dismissed that claim because White had no independent, constitutionally protected interest in participation in the DATP. Id.

Although participation in a DATP is not a constitutionally protected liberty interest, forced removal from the DATP is actionable if done in retaliation for the exercise of a constitutional right. See Woods 60 F.3d at 1166; Williams, 629 F.2d at 1103; Johnson, 110 F.3d at 313 & n.19; Jackson, 864 F.2d at 1248-49; McDonald, 132 F.3d at 231. Consequently, if White genuinely contests the material issue whether he was forced to withdraw from the DATP in retaliation for his exercise of his constitutional right to appeal in the other case, he may avoid summary-judgment. Fed. R. Civ. P. 56.

White's verified complaint, his sworn declaration, and his affidavits present summary-judgment evidence that the defendants made false statements about their willingness to help him get his legal materials, and that their proffered reasons for the denial of access are pretextual. His verified complaint avers that a defendant asked him to choose between the DATP and his right to appeal by asking him which was more important to him. The defendants' affidavit asserts that a defendant offered to help White get his materials and that there were valid reasons for the delay in getting them. There are contested issues of fact material to the defendants' retaliatory motive and whether their actions harmed White by coercing his withdrawal from the DATP. Accordingly, summary judgment on the DATP-related retaliation claim is vacated, and the case is remanded for further proceedings.

White contends that the district court should have allowed discovery under Fed. R. Civ. P. 56(f) so that he could show that the defendants gave false reasons for withholding his legal papers. White's discovery argument focuses on fact issues regarding the defendants' reasons for withholding his legal material and the defendants' truthfulness, malice, or bad faith. These factual issues are not material to the access-to-courts claim because the district court based its ruling on the lack of actual injury rather than the defendant's motives or allegedly perjurious evidence. However, evidence of the defendants' motivation and intent may be material to the remaining retaliation claim. See Jackson, 864 F.2d at 1248. Consequently, we vacate the denial of the discovery motion. We express no opinion as to whether the motion should be granted or denied on remand.

White also filed a motion to strike the affidavit of one defendant, based on alleged perjury. He contends that the defendant lied about the quantity of White's legal materials and fabricated excuses for withholding them. In light of our decision to vacate the dismissal of the DATP-related retaliation claim, we vacate the denial of the motion to strike. We express no opinion as to whether the motion should be granted or denied on remand.

AFFIRMED IN PART, VACATED AND REMANDED IN PART; DENIAL OF MOTION-FOR-DISCOVERY VACATED; DENIAL OF MOTION-TO-STRIKE VACATED