United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 21, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40381
Conference Calendar

BYRONE ARNOLD,

                                    Plaintiff-Appellant,

versus

WAL-MART; DAVID WILSON,

                                    Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:03-CV-35
--------------------

Before KING, Chief Judge, and JOLLY and STEWART, Circuit Judges.

PER CURIAM:*

    Byrone Arnold, Texas prisoner # 881640, appeals from the district court's dismissal of his 42 U.S.C. § 1983 action. Arnold's motion for appointment of counsel is DENIED.

    Relevant to our disposition of the case, Arnold argues that the district court erred by dismissing his complaint without serving the defendants; that the district court erred by raising res judicata sua sponte; erred by dismissing the action pursuant to the in forma pauperis (IFP) prisoner provisions; and erred by equating the standards of 28 U.S.C. § 1915(e) with the standards

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of FED. R. CIV. P. 12(b)(6).  Arnold also argues that the district court violated state procedural and constitutional law.  Federal procedural rules applied to the case, *see* FED. R. CIV. P. 1, and the state-law contentions are unavailing.

Because Arnold did not name a state actor as defendant, the district court erred by dismissing the action pursuant to 28 U.S.C. § 1915A.  *See* 28 U.S.C. § 1915A(a),(b); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998).  Because Arnold paid the district-court filing fee, the district court erred by dismissing the action before the defendants were served. *See Williams v. Rhoden*, 629 F.2d 1099, 1101 (5th Cir. 1980).

The district court's errors were harmless.  It was not error to raise res judicata sua sponte in Arnold's case or to dismiss the case pursuant to the doctrine of res judicata.  *See Mowbray v. Cameron County, Texas*, 274 F.3d 269, 281 (5th Cir. 2001), *cert. denied*, 535 U.S. 1055 (2002); *Russell v. SunAmerica Securities, Inc.*, 962 F.2d 1169, 1172 (5th Cir. 1992).

The dismissal of Arnold's previous action as frivolous and the dismissal of the instant case as frivolous both count as "strikes" for purposes of 28 U.S.C. § 1915(g).  Arnold is warned that once he accumulates three "strikes," he will not be allowed to proceed IFP in any civil action or appeal "unless [he] is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

AFFIRMED.