Joseph K. BACKUS, Plaintiff,

v.

CITY OF PARKERSBURG,
et al., Defendants.

Civil Action No. 6:12–cv–02518.

United States District Court,
S.D. West Virginia,
Parkersburg Division.

Nov. 5, 2013.

Paul M. Stroebel, Stroebel & Johnson, Charleston, WV, for Plaintiff.

James A. Muldoon, Johnnie E. Brown, Pullin Fowler & Flanagan, Charleston, WV, for Defendants.

## MEMORANDUM OPINION AND ORDER

JOSEPH R. GOODWIN, District Judge.

Now before the court are Plaintiff's Motion for Summary Judgment and Memorandum of Law [Docket 32] and Defendants' Motion for Summary Judgment [Docket 34]. These motions are ripe for review. For the reasons set forth herein, Plaintiff's Motion for Summary Judgment and Memorandum of Law [Docket 32] is **DENIED** and Defendants' Motion for Summary Judgment [Docket 34] is **GRANTED**.

### I. Background

This action was originally filed by the plaintiff, Joseph K. Backus, pro se, in the Circuit Court of Wood County, West Virginia. The case was removed to this court on July 2, 2012. Although Mr. Backus obtained counsel after the action was removed, his handwritten state court complaint was never amended. The entire text of the complaint reads as follows:

Mayor Robert D. Newell & Police Chief Joseph Martin, representing the City of Parkersburg, violated U.S. Privacy Law & my 1st, 4th & 14th Amendment Rights when they conducted "illegal" background checks on me. My 1st Amendment Rights were also violated when Newell defamed & libeled me to WTAP & The Parkersburg [illegible].

(Complaint [Docket 1–1]). Mr. Backus requests the following relief:

Compensatory & punitive damages in the amount of twelve million dollars. That is one million dollars for each violation by each of the defendants. The defendants being Mayor Robert D.

Newell, Chief of Police Joseph Martin, & their employer, the City of Parkersburg. *Id.* Vexingly, the defendants never filed a motion to dismiss the complaint.

The parties have filed competing motions for summary judgment. Mr. Backus now argues that he should be granted summary judgment "on his claim that defendants violated his First and Fourteenth Amendment rights, all in violation of 42 U.S.C. § 1983," and "his claim for invasion of privacy." (*See* Pl.'s Mot. for Summ. J. and Mem. of Law ("Pl.'s Motion") [Docket 32], at 3, 6). The defendants argue that each of Mr. Backus's claims must fail. Mr. Backus never filed an opposition to the defendants' motion for summary judgment; however, he addresses some of the defendants' arguments regarding his libel claim in the document he filed on September 3, 2013, entitled "Memorandum of Law in Support of Joseph K. Backus' Response to Motion for Summary Judgment" ("Pl.'s Mem.") [Docket 39], which cites to no legal authority.

### II. Standard of Review

To obtain summary judgment, the moving party must show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Although the court will view all underlying facts and inferences in the light most

favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict in his [or her] favor." *Anderson,* 477 U.S. at 256, 106 S.Ct. 2505. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson,* 477 U.S. at 252, 106 S.Ct. 2505. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Felty v. Graves–Humphreys Co.,* 818 F.2d 1126, 1128 (4th Cir.1987); *Ross v. Comm'ns Satellite Corp.,* 759 F.2d 355, 365 (4th Cir.1985), *abrogated on other grounds, Price Waterhouse v. Hopkins,* 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989). "Regarding the authority of federal courts to enter summary judgment *sua sponte,* the Supreme Court has stated that 'district courts are widely acknowledged to possess the power to enter summary judgments *sua sponte,* so long as the losing party was on notice that she had to come forward with all of her evidence.'" *Hughes v. Bedsole,* 48 F.3d 1376, 1381 (4th Cir.1995) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 326, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

## III. Analysis

### A. Constitutional Claims

 Mr. Backus now argues that summary judgment should be granted on his constitutional claims under 42 U.S.C. § 1983. However, as noted by the defendants, Mr. Backus's complaint does not allege a claim under 42 U.S.C. § 1983. In the Fourth Circuit, pro se pleadings are to be liberally construed. *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir.1978), *cert. denied,* 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978). However, "it is an open question whether the stricter standard governing dismissal of [pro se] complaints is appropriate" when a complaint is filed pro se and the plaintiff subsequently retains counsel. *Braphman–Bines v. New York City Police Dep't,* No. 03 CIV. 10207(KMK), 2005 WL 22843, at *2 (S.D.N.Y. Jan. 3, 2005).

 In this case, Mr. Backus's retained counsel filed a notice of appearance on August 31, 2012 [Docket 11]. The Scheduling Order [Docket 17] permitted amendment of pleadings and joinder of parties until January 4, 2013. Thus, Mr. Backus's attorney had more than four months to amend the complaint, yet never requested leave to do so. A plaintiff should not be rewarded with a liberal construction of his complaint merely because his retained attorney failed to amend it. This is consistent with the Fourth Circuit's reasoning in *Flint v. Haynes,* 651 F.2d 970, 974 (4th Cir.1981), where the court said:

> We are not unmindful of our duty to provide equal access to the courts for all persons. We have established procedures to assist the uncounselled, the legally unsophisticated, and the impoverished litigant who seeks relief in our courts. Yet we must also take steps to make certain that meaningful access to the courts remains available and equal.

Equal access to the court system would be undermined by allowing a party to file a pro se complaint and later obtain counsel, but continue to be granted the additional leeway given to unrepresented parties. Where, as here, the formerly pro se plain-

tiff's attorney has ample time under the scheduling order to amend the complaint, the complaint should no longer be liberally construed. *See Jackson v. AFSCME Local 196,* No. 3:07–CV–471 (JCH), 2010 WL 1286771, at *11 n. 16 (D.Conn. Mar. 29, 2010) (refusing to liberally construe the complaint and stating that the plaintiff's attorney, "after she began her representation in this matter, could have moved to file an additional amended complaint that explicitly included" the additional claim at issue if the plaintiff intended to plead such a claim); *Hanna v. Brown,* No. 93 C 3105, 1995 WL 103789, at *2 (N.D.Ill. Mar. 6, 1995) (finding that "once [the plaintiff] retained an attorney, his original pro se status no longer entitled him to a liberal interpretation of his pleadings").[1]

▬▬ Mr. Backus's complaint does not mention, much less state a claim under 42 U.S.C. § 1983. "While 'failure to state a claim' is usually challenged by a motion to dismiss under Rule 12(b)(6), it may also serve as a basis for summary judgment. In a summary judgment context, the failure to state a claim is the 'functional equivalent' of the failure to raise a genuine issue of material fact.'" *In re Enron Corp. Sec., Derivative & ERISA Litig.,* 610 F.Supp.2d 600, 607 (S.D.Tex.2009) (citing *Whalen v. Carter,* 954 F.2d 1087, 1098 (5th Cir.1992)). An issue of material fact can only exist where there is an underlying cognizable claim. Without an actionable claim, there can be no factual issue for the jury to determine. *See id.; see also Ritter v. Dalton,* No. 96–2063, 1997 WL 697181, at *2, 1997 U.S.App. LEXIS 30501, at *6–7 (4th Cir. Nov. 1, 1997) (finding that "the

district court properly granted summary judgment for … failure to state a claim upon which relief could be granted"); *Ashe v. Corley,* 992 F.2d 540, 544 (5th Cir.1993) (finding that the defendant's motion for summary judgment "could still have been properly granted if, accepting all alleged facts as true, the plaintiffs' complaint nonetheless failed to state a claim"); *United States ex rel. Simmons v. Zibilich,* 542 F.2d 259, 260 (5th Cir.1976) ("[T]he standard to be met in granting a 12(b)(6) motion (plaintiff unable to prove any set of facts that would entitle him to recovery) and the standard for granting a motion for summary judgment (no dispute of material fact and movant entitled to judgment by law) both reduce to the same question in this case: Was defendant entitled to judgment on the basis that the law does not recognize a federal cause of action for the facts alleged by plaintiff[?]").

In order to properly state a claim, the complaint must "give the defendant fair notice of what the … claim is and the grounds on which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir.2009) (quoting *Ashcroft v. Iqbal,*

---

1. Even under the more liberal pleading standards afforded pro se plaintiffs, Mr. Backus's complaint does not state a claim upon which relief can be granted. Although the Fourth Circuit allows for a liberal reading of a pro se complaint, the court has stated that this liberal pleading standard does not "undermine [*Bell Atl. Corp. v.*] *Twombly's* requirement that a pleading contain 'more than labels and conclusions[.]'" *Giarratano v. Johnson,* 521 F.3d 298, 304 (4th Cir.2008). Mr. Backus's complaint does not contain any factual basis for his legal assertions.

556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). "The plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Id.* (quoting *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937). "It requires the plaintiff to articulate facts, when accepted as true, that 'show' that the plaintiff has stated a claim entitling him to relief, i.e., the 'plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly,* 550 U.S. at 557, 127 S.Ct. 1955).

■ Mr. Backus now claims that he has alleged two constitutional violations actionable under 42 U.S.C. § 1983: illegal retaliation for Mr. Backus's exercise of his First Amendment right to free speech and a substantive due process violation of the Fourteenth Amendment. "The three elements of a retaliation claim are: (1) protected activity by the plaintiff, (2) an adverse action against plaintiff that chills the plaintiff's protected activity, and (3) a causal relationship between the protected activity and the adverse action." *Int'l Ass'n of Machinists & Aerospace Workers v. Haley,* 482 Fed.Appx. 759, 764 (4th Cir.2012) (citing *Suarez Corp. Indus. v. McGraw,* 202 F.3d 676, 686 (4th Cir.2000)). Mr. Backus's complaint alleges none of these elements and no factual basis to support them.

Mr. Backus appears to be basing his alleged substantive due process claim on the following quote from the Fourth Circuit:

> The core of the concept of substantive due process is the protection of the individual against arbitrary action of government.... [O]nly the most egregious official conduct can be said to be arbitrary in the constitutional sense. Thus, the threshold question is whether the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience. The kind of ... conduct that fairly can be said to shock the conscience involves abusing executive power, or employing it as an instrument of oppression.

*Id.* at 766 (quoting *Martin v. Saint Mary's Dep't Soc. Servs.,* 346 F.3d 502, 511 (4th Cir.2003)). However, Mr. Backus's complaint does not allege any facts describing such egregious official conduct. All the complaint contains is a conclusory statement that the defendants "violated U.S. Privacy Law [and Mr. Backus's First, Fourth, and Fourteenth] Amendment Rights when they conducted 'illegal' background checks" on him. (Complaint [Docket 1–1]). Such conclusory statements are insufficient to state a claim upon which relief can be granted. *See Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937.

I **FIND** as a matter of law that Mr. Backus's complaint does not state a claim under 42 U.S.C. § 1983. Therefore, Mr. Backus's motion for summary judgment with regard to the constitutional claims is **DENIED** and the defendants' motion for summary judgment with regard to the constitutional claims is **GRANTED.**

### B. Invasion of Privacy

■ Mr. Backus also now attempts to argue that he is entitled to summary judgment on a claim for invasion of privacy. However, as with 42 U.S.C. § 1983, discussed *supra,* the complaint does not allege this cause of action. Under West Virginia law, there are four categories of the tort of invasion of privacy: "(1) unreasonable intrusion upon the seclusion of another; (2) appropriation of another's name or likeness; (3) unreasonable publicity given to another's private life; and (4) publicity that unreasonably places another in a false light before the public." *Crump v. Beckley Newspapers, Inc.,* 173 W.Va. 699, 320 S.E.2d 70, 83 (1983). Mr. Backus's

complaint does not allege any of these actions. Rather, it makes mention of the defendants violating "U.S. Privacy Law" by conducting " 'illegal' background checks." (Complaint [Docket 1–1]). Even Mr. Backus's summary judgment briefing, in which he attempts to argue that an invasion of privacy claim was alleged, does not address any particular cause of action under West Virginia tort law. (*See* Pl.'s Mot. [Docket 32], at 6–8). Additionally, as with the claims discussed *supra*, Mr. Backus's complaint provides no facts to make such a claim.

The mere allegation that the defendants "violated U.S. Privacy Law" (Complaint [Docket 1–1]) is not sufficient to state a claim for invasion of privacy. I **FIND** as a matter of law that Mr. Backus's complaint does not state a claim for invasion of privacy. Therefore, Mr. Backus's motion for summary judgment with regard to invasion of privacy is **DENIED** and the defendants' motion for summary judgment with regard to invasion of privacy is **GRANTED.**

### C. Libel

■ The defendants have moved for summary judgment on Mr. Backus's libel claim. The complaint merely states that the defendants "defamed and libeled" Mr. Backus. (Compl. [Docket 1–1]). Although Mr. Backus's complaint does not state a claim upon which relief can be granted for libel, the defendants do not raise this issue in their briefs. Therefore, I will address the legal merits of the parties' arguments.

Mr. Backus's claim for defamation and libel arises out of emails sent by Mayor Newell to two local reporters. The emails, which are identical in substance, state as follows:

I want to be the first on record to tell you that I am disappointed in the media attention given to the local tea party in the aftermath of the shootings in Arizona.

Any group that appears on local television and admits their purpose is to "intimidate council members to influence their vote" is not part of the America I grew up in. At least one local member mirrors the profile of the shooter in Arizona, i.e., loner who authors lengthy, rambling, anti-government writings and has been expelled from a local university.

Attention given to this fringe group is dangerously short sighted.

(Pl.'s Mot. Ex. E [Docket 32–5], at 1, 2; Defs.' Mot. for Summ. J. ("Defs.' Mot.") Ex. 5 [Docket 34–5]; Defs.' Mot. Ex. 6 [Docket 34–6]).

■ The defendants argue that Mr. Backus was a limited public figure, and therefore a heightened standard should apply to his libel claim. In support of this argument, the defendants note that Mr. Backus ran for political office shortly before the alleged events, was heavily involved in local debate regarding a potential user fee in Parkersburg, and often engaged in online discussion regarding political issues. (*See* Def.'s Mem. [Docket 35], at 13–14). These facts are not disputed by Mr. Backus. "A candidate for political office is governed by the same rules with regard to recovery for libel as a public official." *Long v. Egnor*, 176 W.Va. 628, 346 S.E.2d 778, 786 (1986). Therefore, in order to recover on his claim for libel, Mr. Backus must demonstrate that:

(1) the alleged libelous statements were false or misleading; (2) the statements tended to defame the plaintiff and reflect shame, contumely, and disgrace upon him; (3) the statements were published with knowledge at the time of publication that they were false or misleading or were published with a reck-

less and willful disregard of truth; and, (4) the publisher intended to injure the plaintiff through the knowing or reckless publication of the alleged libelous material.

*Id.*

The defendants dispute whether Mr. Backus can prevail on any of the required elements. With regard to knowledge of falsity and intent to injure the plaintiff, the only argument made by Mr. Backus is:

> The [malice] element is established because it is clear that the intent of the email goes beyond negligence and is clearly intended to harm or undermine Mr. Backus. Malice is also apparent from the tone of the email.

(Pl.'s Mem. [Docket 39], at 2). However, "[m]ere assertions by the plaintiffs are not enough to survive summary judgment." *Abcor Corp. v. AM Int'l, Inc.*, 916 F.2d 924, 929 (4th Cir.1990); *see also Iqbal*, 556 U.S. at 662, 129 S.Ct. 1937 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim upon which relief can be granted.); *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir.2002) (stating that to survive summary judgment, "[c]onclusory or speculative allegations do not suffice, nor does a 'mere scintilla of evidence' in support of" the nonmoving party's case). The defendants have argued that "Mayor Newell did not intend to injure Plaintiff, as he did not even mention Plaintiff's name. Rather, he intended to protect the city council members and the citizens of Parkersburg." (Def.'s Mem. [Docket 35], at 13–14). Mr. Backus does not attempt to refute this argument, and his only argument in opposition is the conclusory statement quoted above. This conclusory statement, on its own, is insufficient to withstand summary judgment.

Mr. Backus does not offer more than a scintilla of evidence in support of his argument, and thus does not demonstrate a genuine issue of material fact on his libel claim. I **FIND** that Mr. Backus does not present evidence sufficient to create a genuine issue of material fact with regard to his defamation claim. Therefore, the defendants' motion for summary judgment is **GRANTED** with regard to Mr. Backus's libel claim.

## IV. Conclusion

For the reasons discussed above, Plaintiff's Motion for Summary Judgment and Memorandum of Law [Docket 32] is **DENIED** and Defendants' Motion for Summary Judgment [Docket 34] is **GRANTED**. The court **ORDERS** that judgment be entered in favor of the defendants and that this case be dismissed and stricken from the docket of this court.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party. The court further **DIRECTS** the Clerk to post a copy of this published opinion on the court's website, http://www.wvsd.uscourts.gov.