**James Morris FLETCHER, Appellant,**

v.

**James HOOK.**

**No. 19054.**

United States Court of Appeals, Third Circuit.

Submitted on Briefs April 8, 1971.

Decided May 17, 1971.

James Morris Fletcher, pro se.

James Hook, Waynesburg, Pa., for appellee.

Before GANEY, VAN DUSEN and GIBBONS, Circuit Judges.

### OPINION OF THE COURT

VAN DUSEN, Circuit Judge.

This appeal challenges a May 6, 1970, district court order denying a Petition to Amend Pleading and For Reconsideration of an April 13, 1970, district court order dismissing the initial complaint. The complaint alleges a cause of action against plaintiff's appointed counsel in a state criminal proceeding charging, inter alia, attempted prison break, aggravated assault and battery, and assault by prisoner, under the Civil Rights Acts (42 U.S.C. §§ 1983 and 1985) and seeks a warrant for criminal perjury allegedly in violation of 18 U.S.C. § 1621.

The alleged cause of action under 42 U.S.C. § 1985 is not supported by the complaint, which does not state that defendant conspired with anyone.

"Broad and conclusory" statements "unsupported by factual allegations" are not sufficient to support a cause of action under the Civil Rights Acts. *See* Negrich v. Hohn, 379 F.2d 213, 215 (3d Cir. 1967).

 As to the claim under 42 U.S.C. § 1983, the complaint alleges no more than a tort claim for malpractice against the attorney based on contentions that he allowed the criminal case to be brought to trial without proper preparation, he failed to interview witnesses, he refused to attack a defective indictment, causing plaintiff to receive an excessive sentence, and that he did not help plaintiff to appeal. We have consistently held that such a tort claim against a professional man for malpractice "is not cognizable under the Civil Rights Act." Smith v. Clapp, 436 F.2d 590 (3d Cir. 1970); Isenberg v. Prasse, 433 F.2d 449 (3d Cir. 1970); *cf.* Bush v. Robinson, 442 F.2d 393 (3d Cir., 1970); Fear v. Commonwealth et al., 413 F.2d 88 (3d Cir. 1969); Christman v. Commonwealth et al., 275 F.Supp. 434, 435 (W. D.Pa.1967), application for leave to proceed on appeal in forma pauperis denied (3d Cir., Misc. No. 893, Orders of 3/11/68 and 4/5/68), cert. den. *sub nom.* Christman v. Lesher, 393 U.S. 885, 89 S.Ct. 195, 21 L.Ed.2d 161 (1968). For this reason, the other reasons relied on by the district court do not require discussion. *See* Smith v. Clapp, *supra* at note 4; *cf.* United States ex rel. O'Brien v. Maroney, 423 F.2d 865 (3d Cir. 1970).

The district court correctly pointed out that the perjury claim that the attorney testified falsely in a federal habeas corpus proceeding is negatived by the allegation at page 5 of the complaint that later in his testimony the attorney conceded that his previous testimony was in error. Under these circumstances, there is no probable cause to believe that a perjury offense has been committed, and the claim for issuance of a warrant under 18 U.S.C. § 1621 was properly dismissed.

Plaintiff's Motion to Amend Pleading (the complaint) sought to add three additional defendants (two sheriffs and a Justice of the Peace) and include in the complaint lengthy additional allegations, including a claim under 42 U.S.C. § 1986. The May 6, 1970, district court order denying leave to amend "without prejudice to the right of plaintiff to file an original complaint setting forth his entire cause of action" was clearly proper in view of the new claims being made.[1]

The above-mentioned orders of April 13 and May 6, 1970, will be affirmed.

---

1. This ruling was particularly appropriate since plaintiff requests in the amended pleading that the matter of the warrant "be held in abeyance until the notes of testimony taken" at the federal habeas corpus hearing are made available to him. A motion, with proper supporting affidavit, for such transcript can be filed in any new suit which he institutes in an effort to comply with 28 U.S.C. § 753(f). Also in the new action, plaintiff will have the opportunity to request the Clerk and the Marshal to make service of the complaint, as contemplated by Urbano v. Calissi, 353 F.2d 196 (3d Cir. 1965), cited by plaintiff.