**William C. O'BRIEN, Plaintiff-Appellant,**

v.

**Walter N. COLBATH, Defendant-Appellee.**

No. 72–1976

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 29, 1972.

William C. O'Brien, pro se.

Walter N. Colbath, Public Defendant, West Palm Beach, Fla., for defendant-appellee.

Before THORNBERRY, COLEMAN and INGRAHAM,** Circuit Judges.

PER CURIAM:

The district court denied William O'Brien's application for leave to file his

---

1. Counsel has informed us that McGee was released on parole on June 1.

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

** Judge Ingraham did not participate in the consideration and decision of this case. See 28 U.S.C., § 46(d).

Civil Rights complaint in forma pauperis, and denied him leave to appeal in forma pauperis. We granted leave to appeal in forma pauperis;[2] and now we decide against O'Brien on the merits as a matter of law.

In his complaint, the appellant sought to recover in excess of $25,000 in damages pursuant to 42 U.S.C., § 1983 and 28 U.S.C. § 1343(3) from Walter N. Colbath, the Palm Beach County Public Defender, who had been appointed to represent him on direct appeal. He alleged that Colbath prevented him from seeking a rehearing of his appeal and from seeking certiorari and mitigation of his conviction. Appellant further alleged that Colbath entered notices of appeal on his behalf in two other cases, and then, without notifying him, entered motions for voluntary dismissal of these appeals.

■ The Third Circuit has recently held in Fletcher v. Hook, 3 Cir., 1971, 446 F.2d 14, that a state prisoner's complaint alleging no more than a tort claim for malpractice against a court-appointed counsel does not raise a claim cognizable under the Civil Rights Act. In *Fletcher, supra,* it was alleged that counsel had allowed the case to be brought to trial without proper preparation, failed to interview witnesses, refused to attack a defective indictment and did not help the appellant to appeal. In affirming the district court's dismissal of appellant's complaint, the Third Circuit held as follows:

> "We have consistently held that such a tort claim against a professional man for malpractice 'is not cognizable under the Civil Rights Act.'" [citing several cases.] 446 F.2d at 16.

■ In another Civil Rights action for damages based on similar contentions, this Court recently held that court-appointed counsel in a federal criminal case is immune from liability, Sullens v. Carroll, 5 Cir., 1971, 446 F.2d

1392. Although § 1983 requires proof of "state action" which is obviously lacking in a federal prosecution, in our opinion it was never intended as a vehicle for prosecuting malpractice suits against court-appointed attorneys.

Accordingly we affirm the district court's denial of leave to file O'Brien's complaint in forma pauperis, since it fails to state a claim as a matter of law.

Affirmed.