Carl M. SMITH

v.

Mark BUTLER, Ruth Tallmadge, Dave Hickey of the Suburban Waynee * Times, Charles A. Connell, Robert H. Adams of the Radnor Township Police Department.

Civ. A. No. 80–2823.

United States District Court,
E. D. Pennsylvania.

Feb. 23, 1981.

* So spelled in the Complaint.

Carl M. Smith, pro se.

John Churchman Smith, Joseph Patrick Connor, III, Media, Pa., for municipal defendants.

Garland D. Cherry, Sr., Media, Pa., for newspaper defendants.

MEMORANDUM

LUONGO, District Judge.

Plaintiff in this civil rights action is a state prisoner. Defendants are reporters and staff members of the Suburban Wayne Times newspaper, and officers of the Radnor township police department. Smith alleges that he was defamed by the defendants when two stories appeared in the Wayne Times stating that Smith had been arrested as a suspect in a series of armed robberies and a sexual assault which occurred during one of the robberies. The stories quoted statements about Smith's arrests by defendant police officers Connell and Adams, who were involved in the investigation of the offenses. Smith contends that the purported defamation by the defendants violated his rights under the First and Fourteenth Amendments, and reflected a conspiracy by defendants to deprive him of his civil rights in violation of 42 U.S.C. § 1985.

On October 9, 1980, I dismissed Smith's complaint because it lacked the specificity required of a complaint in a civil rights action. *Rotolo v. Boro of Charleroi*, 532 F.2d 920 (3d Cir. 1976); *Negrich v. Hohn*, 379 F.2d 213 (3d Cir. 1967). Simultaneously I granted Smith leave to file an amended complaint of greater specificity within thirty days. On November 10, 1980, Smith moved for an extension of time within which to file his amended complaint. On November 28, 1980, although I had not granted Smith's motion for an extension of time, Smith filed an amended complaint. This filing was untimely, but because Smith is proceeding *pro se*, I directed counsel for defendants to proceed as if Smith had filed within the time prescribed by my order. All defendants now move to dismiss under Rule 12(b)(6), F.R.Civ.P., for failure to state a claim upon which relief can be granted.

I. *Motion of Defendants Connell and Adams*

■ Defendants Connell and Adams advance several grounds on which the complaint should be dismissed. First, defendants contend that Smith has failed to state a cause of action under 42 U.S.C. § 1983, because § 1983 is limited to actions to redress the deprivation of constitutional rights, and defamation is a common law tort which does not rise to the level of a constitutional deprivation. The Supreme Court addressed this issue in *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405, *rehearing denied*, 425 U.S. 985, 96 S.Ct. 2194, 48 L.Ed.2d 811 (1976). There, it held that a claim that government officials engaged in defamation does not implicate constitutionally protected rights, but merely gives rise to a tort action under state law. To rule otherwise, the Court stated, would create a constitutional case in virtually every instance in which a government employee engaged in tortious conduct while performing his duty. 424 U.S. at 698–99, 96 S.Ct. at 1159. Significantly, the Court noted that its holding was intended to bar a civil rights suit under circumstances like those present here:

> If respondent's view is to prevail, [contending that a cause of action is stated by defamation] a person arrested by law enforcement officers who announce that they believe such person is responsible for a particular crime in order to calm the fears of an aroused populace, presumably obtains a claim against such officers under § 1983. . . . We think it would come as a great surprise to those who drafted and shepherded the adoption of the Amendment to learn that it worked such a result. . . . *Id.*

The § 1983 claim against defendants Connell and Adams will therefore be dismissed.

■ With respect to the § 1985 claim, Connell and Adams move to dismiss on the ground that Smith has failed to plead the existence of a conspiracy. Proof of conspiracy is an essential element of a claim under § 1985(c), *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971), and a plaintiff proceeding under

that section is required to allege the existence of a conspiracy to deprive him of his rights. *Fletcher v. Hook*, 446 F.2d 14 (3d Cir. 1971). Smith's complaint here, generously construed, at most alleges that Connell and Adams made statements about his arrest to reporters for the Suburban Wayne Times; there is no allegation that they conspired together or with others to deprive Smith of any rights. Moreover, a further element of an action under § 1985(c) is that the defendants conspired to deprive the plaintiff of some legal right, or to deny him equal protection of the laws. *Griffin v. Breckenridge, supra.* Here, the only right allegedly interfered with is Smith's "right" to be free from defamation of his character. It is implicit in the Supreme Court's decision in *Paul v. Davis, supra,* that this is not the kind of conduct by the state or its employees that Congress intended to include within the scope of the civil rights laws. The motion by defendants Connell and Adams to dismiss Smith's § 1985 claim for failure to state a claim will be granted.

### II. *Motion of Defendants Butler, Tallmadge, and Hickey*

Defendants Butler, Tallmadge, and Hickey also move to dismiss for failure to state a claim. With respect to Smith's claim under § 1983, they contend that Smith has failed to state a claim against them because there is no allegation in the complaint that they were acting under color of law. Butler and Tallmadge are reporters, and Hickey a photographer, with the Suburban Wayne Times. Section 1983 does not on its face extend to the actions of private individuals, *see Gibbs v. Titelman*, 502 F.2d 1107 (3d Cir. 1974). It is only when a private individual conspires with a public official to deprive a person of his rights that he may be subjected to liability under § 1983. *Jennings v. Shuman*, 567 F.2d 1213, 1220 (3d Cir. 1977). Here, since the newspaper defendants are not public officials, and there is no allegation that they conspired with any public officials, Smith has failed to state a claim against them under § 1983.

As an alternative ground for dismissing Smith's complaint, the newspaper defendants also contend that defamation is not actionable under § 1983. As noted above, this argument has merit, and therefore even if Smith had properly pleaded a conspiracy with public officials under § 1983, the newspaper defendants would nonetheless be entitled to have the complaint against them dismissed.

With respect to Smith's § 1985 claim, the newspaper defendants contend that Smith has failed to allege that they conspired to deprive him of his rights. As noted above, proof of conspiracy is an essential element of a § 1985(c) claim, and a plaintiff proceeding under the provision must plead the existence of a conspiracy involving the defendants. Since Smith has not done so, he has failed to state a claim upon which relief can be granted under § 1985(c). The newspaper defendants' motion to dismiss will be granted.

I have already permitted Smith one opportunity to amend his complaint to plead his claims in a legally sufficient way, *see Ross v. Meagan*, 638 F.2d 646 (3d Cir. 1981). It would serve no purpose to afford him a further opportunity to amend and Smith's complaint against all of the defendants will be dismissed with prejudice.