**Harry McGANEY, Plaintiff,**

**v.**

**Charles SCULLY, Superintendent, et al., Defendants.**

**No. 86 CIV. 6225 (SWK).**

United States District Court, S.D. New York.

July 15, 1987.

Harry McGaney, pro se.

Neville Swaby, pro se.

Robert Abrams, Atty. Gen. of the State of N.Y. by Douglas Aronin, Asst. Atty. Gen., New York City, for defendant, Charles Scully.

## MEMORANDUM OPINION AND ORDER

KRAM, District Judge.

Harry McGaney, *pro se* plaintiff, brought this civil rights action pursuant to 42 U.S.C. § 1983. He sought declaratory and monetary relief from various state prison officials who allegedly conspired to deprive him of a full and fair disciplinary hearing. Plaintiff subsequently amended

**152**

his complaint to add inmate Neville Swaby and another prison official as necessary defendants. In his amended complaint, plaintiff alleged a conspiracy among the correction captain (his hearing officer), the correction sergeant, and inmate Swaby to deprive plaintiff of a full and fair disciplinary hearing.

Pursuant to Fed.R.Civ.P. 12(b)(6), defendant Swaby, *pro se*, filed a motion with this court seeking to have plaintiff's complaint against him dismissed as not stating a claim on which relief can be granted.

This action was referred to United States Magistrate Leonard Bernikow, for general pre-trial purposes and for consideration of substantive motions. *See* 28 U.S.C. § 636(b)(1)(B). Magistrate Bernikow recommended that defendant Swaby's motion to dismiss be granted, and plaintiff's complaint against this defendant be dismissed. This court agrees with the recommendation of the Magistrate.

 In order to state a claim for relief against a private individual under 42 U.S.C. § 1983, a plaintiff must allege a conspiracy between a private individual and state officials to deprive plaintiff of his constitutionally protected interests. *Dennis v. Sparks*, 449 U.S. 24, 27–28, 101 S.Ct. 183, 186–187, 66 L.Ed.2d 185 (1980). "Complaints containing only 'conclusory', 'vague', or 'general allegations' of a conspiracy to deprive a person of constitutional rights will be dismissed." *Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir.1977). While a *pro se* plaintiff's pleadings are reviewed under a less stringent standard than formal pleadings drafted by counsel, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972), the Magistrate states, and the Court agrees, that even a *pro se* plaintiff must allege some factual basis to support his conclusion that defendants conspired together to deprive him of constitutional rights.

As the Magistrate pointed out, the alleged conduct of defendant Swaby does not give rise to an inference that Swaby conspired to have plaintiff falsely accused as his assailant. In plaintiff's original and amended complaints, plaintiff alleges that

defendant was the victim of an assault and that he refused to testify at plaintiff's disciplinary hearing. A refusal to testify, however, does not imply that defendant Swaby conspired to falsely accuse plaintiff as his assailant nor is it suspicious in light of the fact that the defendant was recently assaulted in prison.

Plaintiff has not referred to any overt acts between defendant Swaby and any prison official that would support a finding of a conspiracy against plaintiff. Accordingly, this Court concludes that plaintiff's allegations that defendant Swaby conspired with state officials to deprive plaintiff of a fair disciplinary hearing are conclusory and do not withstand defendant's motion to be dismissed from this action.

The recommendation of the Magistrate to dismiss plaintiff's claims against defendant Swaby is hereby adopted in full.

SO ORDERED.