Richard S. STUDIFIN, Plaintiff,

v.

NEW YORK CITY POLICE DEPART-
MENT–LICENSE DIVISION–FIRE-
ARMS CONTROL SECTION, et al., De-
fendants.

No. 86 Civ. 5557 (WCC).

United States District Court,
S.D. New York.

Jan. 4, 1990.

991

Richard S. Studifin, New York City, pro se.

Lowenberger & Gitter, P.C., New York City, for defendant YMCA of Greater New York; Leo W. Lowenberger, Ian N. Landow, Kenneth A. Elan, of counsel.

## OPINION AND ORDER

WILLIAM C. CONNER, District Judge:

This *pro se* civil rights action is presently before the Court on the motion of defendant YMCA of Greater New York—Prospect Park Branch ("YMCA") to dismiss the amended complaint as against it for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6), Fed.R. Civ.P. For the following reasons, YMCA's motion is granted.

## FACTS

Plaintiff Richard S. Studifin brings this action pursuant to 42 U.S.C. §§ 1981, 1982, 1983 and 1985(3) to redress the deprivation of his civil rights by numerous defendants. In his amended complaint, *pro se* plaintiff alleges that he and his YMCA room were subject to an illegal search and seizure. He also charges defendants with false arrest, threat with a firearm, malicious prosecution, denial of a jury trial and denial of appellate review.

Plaintiff implicates YMCA three times in his amended complaint, stating:

2. That in or around March 1985, Sergeant Heekin, shield 2865 of the New York City Police Department Firearms Control Section, License Division—together with Gussie Sanzillo, (Executive Director of YMCA) stood in the lobby waiting for me to leave the premises, thereafter, broke and entered my room attempting to secure my firearms.

11. That the YMCA commenced a Hold-Over proceeding in the landlord-tenant Part of the Civil Court located at 141 Livingston Street, Brooklyn, New York 11201., for "NO REASON".

12. That the YMCA brought in an Executive from the main branch of the hereinmentioned located in the borough of Manhattan, (a black man) so the case would not have racial overtones, moreover, their activities were performed un-

der color of State law or State Authority they conspired and involved itself in the Constitutional deprivation of my rights. [sic]

Pursuant to New York law, YMCA brought a hold-over proceeding in the Landlord/Tenant Part of Kings County Civil Court to evict plaintiff and to collect rent arrearages and fair value for the period after which the lease had expired. YMCA also believed plaintiff unlawfully possessed firearms in his YMCA room. Although plaintiff contested the proceeding, a final judgment of possession was rendered in favor of YMCA.

## DISCUSSION

When considering a motion to dismiss, a court must accept plaintiff's allegations as true. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The test is whether, viewed in the light most favorable to the plaintiff, and with every doubt resolved in his favor, the complaint states any valid ground for relief. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957); *Clay v. Martin,* 509 F.2d 109 (2d Cir.1975). A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that plaintiff can prove no set of facts in support of a claim that would entitle him to relief. *See Dahlberg v. Becker,* 748 F.2d 85 (2d Cir.1984), *cert. denied,* 470 U.S. 1084, 105 S.Ct. 1845, 85 L.Ed.2d 144 (1985). Additionally, in a case brought by a *pro se* plaintiff, the court must construe the complaint broadly, holding it to less stringent standards than formal pleadings drafted by counsel. *See Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972).

YMCA's motion to dismiss challenges the sufficiency of plaintiff's claims under each of the civil rights statutes.

### 42 U.S.C. § 1983 [1]

■ A claim under section 1983 must embody at least two elements. First, plain-

---

1. 42 U.S.C. § 1983 provides:

    Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to

be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and

tiff must show that he has been deprived of a right secured by the Constitution and the laws of the United States. Second, he must show that defendant deprived him of this right "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory." *See Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980).

■ The color of state law requirement will not be met by claims against a private defendant, such as the YMCA, absent allegations that it conspired with state officials.[2] *See Dennis v. Sparks,* 449 U.S. 24, 27–28, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980); *Adickes v. Kress,* 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970). The pleadings must specifically present supporting operative facts tending to show agreement and concerted action between the private party and the state actors. *See Doe v. Smith,* 704 F.Supp. 1177, 1188 (S.D.N.Y.1988). "Complaints containing only 'conclusory', 'vague', or 'general allegations' of a conspiracy to deprive a person of constitutional rights will be dismissed." *Ostrer v. Aronwald,* 567 F.2d 551, 553 (2d Cir.1977); *see McGaney v. Scully,* 664 F.Supp. 151, 152 (S.D.N.Y. 1987). Even a *pro se* plaintiff must allege some factual basis to substantiate his conclusion that defendants conspired together

to deprive him of his constitutionally protected interests. *See McGaney v. Scully,* 664 F.Supp. at 152.

■ Plaintiff's amended complaint alleges violations of his rights under the 4th, 5th, 6th, 13th, and 14th amendments. Although it states that YMCA "conspired and involved itself in the Constitutional deprivations of my rights," the complaint lacks any specific factual representations that show or suggest a conspiracy to deprive plaintiff of his constitutional rights. The only factual representations implicating YMCA whatsoever are 1) that Sergeant Heekin of the Firearms Control Section of the New York City Police, accompanied by YMCA's executive director, broke and entered plaintiff's YMCA room, 2) that YMCA brought an eviction proceeding against plaintiff without basis and 3) that YMCA brought a black man to the proceeding to avoid the appearance of racial motivation. Plaintiff's one-sentence allegation of conspiracy, without supporting facts or specification of time, place, persons, and dates pertaining to the alleged conspiracy, fails to charge a conspiracy with sufficient particularity to make out a section 1983 claim against this private party.[3] Accordingly, YMCA's motion to dismiss plaintiff's section 1983 claim is granted.

---

laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

**2.** Private individuals and organizations are also subject to liability under § 1983 where they *act* under color of state law. *See Flagg Brothers, Inc. v. Brooks,* 436 U.S. 149, 156, 98 S.Ct. 1729, 1733, 56 L.Ed.2d 185 (1978). The YMCA, a private, charitable, not-for-profit corporation, owns and operates many buildings throughout New York City. It does not enjoy any special powers granted by any governmental authority to facilitate the eviction of tenants or otherwise ease its operations. Its only means to evict its tenants is to commence a proceeding in the Landlord/Tenant Part of the applicable Civil Court pursuant to New York law. Nor does the YMCA receive substantial funding from the state sufficient to justify deeming its actions those of the state. Therefore, YMCA does not act under color of state law.

**3.** The Court also questions whether YMCA deprived plaintiff of any constitutional rights.

Plaintiff's first claim that YMCA violated his fourth amendment rights by the presence of its executive director is dubious at best.

Plaintiff's second allegation that YMCA commenced a hold-over proceeding for "no reason" does not state an equal protection violation in light of YMCA's statutorily allowable action to recover rent arrearages and the fair value for the period of occupancy after which the lease had expired. *See* N.Y. Real Prop. Actions and Proceedings Law § 741(5). Nowhere does plaintiff allege that he was denied notice of the Landlord/Tenant proceeding or an opportunity to be heard. In fact, plaintiff filed a motion to dismiss which was denied and then contested the proceeding in the Landlord/Tenant Part of the Civil Court.

Plaintiff's final assertion that YMCA brought a black man to the proceeding to avoid the appearance of racial overtones. absent any claim that he was denied a fair trial or otherwise deprived of rights at the time of trial, fails to state an identifiable deprivation or violation of his constitutional rights.

*42 U.S.C. §§ 1981,[4] 1982,[5] and 1985(3)[6]*

Unlike section 1983, sections 1981, 1982 and 1985(3) permit actions alleging discriminatory conduct against wholly private individuals and organizations. *See Runyon v. McCrary*, 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976) (§ 1981); *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968) (§ 1982); *Griffin v. Breckenridge*, 403 U.S. 88, 96–102, 91 S.Ct. 1790, 1795–98, 29 L.Ed.2d 338 (1971) (§ 1985(3)). To state a claim under these sections, plaintiff must show that a deprivation of his rights occurred as a direct result of his race.[7]

In addition to pleading racial animus, a plaintiff suing under these statutes must allege intentional discrimination. *See General Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 391, 102 S.Ct. 3141, 3150, 73 L.Ed.2d 835 (1982) (§ 1981 prohibits only intentional discrimination); *Phillips v. Hunter Trails Community Ass'n*, 685 F.2d 184, 187–89 (7th Cir.1982) (intent requirement of § 1981 extends to § 1982 claims); *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790, 1798, 29 L.Ed.2d 338 (1971) (§ 1985(3) requires intent to deprive of equal protection).

Although plaintiff states that he is black, close scrutiny of his amended complaint reveals that plaintiff fails to allege or describe any intentional or purposeful discriminatory wrongdoing by YMCA or any of its agents or employees. The amended complaint is devoid of any substantive allegation that YMCA's alleged actions were motivated by consideration of plaintiff's race. In fact, that YMCA's executive director accompanied the police sergeant to its resident's room, does not support an inference of racial motivation. The director's presence was more likely intended to ensure minimal interference or damage to the property of both plaintiff and YMCA. That YMCA brought an eviction proceeding to collect rent arrearages and fair value from a hold-over tenant is far from racially based; it is permitted by statute. That YMCA brought a black man to the eviction proceeding is inconsequential. Accordingly, plaintiff has not stated a claim for relief under sections 1981, 1982 and 1985(3).[8]

## CONCLUSION

For the reasons discussed above, YMCA's motion to dismiss the amended complaint as against it is granted.

SO ORDERED.

---

4. Section 1981 provides:

   All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts ... and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens....

5. Section 1982 provides:

   All citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property.

6. Section 1985(3) provides:

   If two or more persons in any State or Territory conspire to go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or persons of the equal protection of the laws: ... the party so injured or deprived may have an action for the recovery of damages, occasioned by such injury or deprivation, against any one or more of the conspirators.

7. Section 1985(3)'s broader scope does not restrict actions to racial discrimination but allows claims for a deprivation based on membership in a particular class of individuals. *See United Brotherhood of Carpenters and Joiners v. Scott*, 463 U.S. 825, 834–35, 103 S.Ct. 3352, 3359–60, 77 L.Ed.2d 1049 (1983).

8. Plaintiff's § 1985(3) claim also fails to satisfy the section's conspiracy element. As discussed earlier with respect to § 1983, broad and conclusory allegations, such as those presented here, are not sufficient to support a cause of action under § 1985. *See Fletcher v. Hook*, 446 F.2d 14 (3rd Cir.1971).