# IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT

No. 01-60495
Summary Calendar

JOHN DELOACH,

Plaintiff-Appellant,

versus

RICHARD BURDINE, Attorney at Law,

Defendant-Appellee.

-----------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:01-CV-183-P
-----------------------------------------------------------
October 1, 2001

Before DAVIS, BENAVIDES and STEWART, Circuit Judges:

PER CURIAM:[*]

John Deloach, Mississippi prisoner # 49643, appeals the district court's dismissal of his pro se and in forma pauperis ("IFP") 42 U.S.C. § 1983 complaint for failure to state a claim upon which relief can be granted. Deloach's complaint named as the only defendant the attorney retained to represent him in a state criminal matter and sought damages against the defendant stemming from that representation. On appeal, Deloach also argues that his state conviction was not supported by the evidence and that relevant evidence was withheld by the state court. These arguments were not raised in the district court and may not be raised for the first time on appeal. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999). Further, Deloach has filed a motion for an order requiring the state court to produce documents. That motion is DENIED.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court did not err in determining that Deloach's complaint did not state claims cognizable under 42 U.S.C. § 1983. See O'Brien v. Colbath, 465 F.2d 358 (5th Cir. 1972). The defendant is not a state actor for purposes of 42 U.S.C. § 1983. See Polk County v. Dodson, 454 U.S. 312, 321-22, 325 (1981); Russell v. Millsap, 781 F.2d 381, 383 (5th Cir. 1985); see also O'Brien, 465 F.2d at 359 (noting that § 1983 was not intended as a vehicle for malpractice suits). Inasmuch as the only claims asserted were against Deloach's retained counsel, the district court could not grant relief to Deloach under 42 U.S.C. § 1983 even if his allegations were true, and thus the complaint was properly dismissed. See 28 U.S.C. § 1915(e)(2)(B)(ii) (authorizing dismissal of IFP complaint at any time for failure to state a claim upon which relief may be granted).

The district court's dismissal of Deloach's lawsuit for failure to state a claim upon which relief may be granted counts as one strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). Deloach is warned that if he accumulates three strikes he will be barred from proceeding in forma pauperis in any civil action or appeal brought in a United States court unless he is under imminent danger of serious physical injury. See § 1915(g).

AFFIRMED; MOTION DENIED; 28 U.S.C. § 1915(g) SANCTIONS WARNING ISSUED.