[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 8, 2009
THOMAS K. KAHN
CLERK

No. 08-14031
Non-Argument Calendar
_____

D. C. Docket No. 08-00949-CV-ORL-31-KRS

MARCUS ROGOZINSKI,

Plaintiff-Appellant,

versus

KARLA R. SPAULDING,
U.S. Magistrate Judge,
CLARENCE W. COUNTS, JR.,
Federal Public Defender,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 8, 2009)

Before CARNES, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Marcus Rogozinski appeals pro se from the district court's dismissal of his civil rights action, which arose out of events that occurred during his separate criminal prosecution, against U.S. Magistrate Judge Karla R. Spaulding and assistant federal public defender Clarence Counts. Rogozinski brought suit pursuant to 42 U.S.C. § 1985 and Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971), alleging that Counts violated his civil rights by refusing to file certain pretrial motions on his behalf in the criminal case, that Judge Spaulding violated his civil rights by denying his request for new counsel in that case and requiring him to submit any further pretrial motions through Counts, and that Counts and Judge Spaulding conspired to deny him equal access to the courts. The district court dismissed his complaint "for reasons stated in open court" during a hearing held in Rogozinski's criminal case, but did not issue a written order. On appeal, Rogozinski argues that the district court deprived him of due process due to bias and prejudice, and that the district court erred in failing to allow him to serve his complaint on Judge Spaulding and Counts.[1]

A judge is absolutely immune from suit for actions taken in her judicial

---

[1] Rogozinzki does not address the propriety of the district court's ruling or the fact that no written order was entered.

capacity, unless she acted in the clear absence of all jurisdiction. <u>Sibley v. Lando</u>, 437 F.3d 1067, 1070 (11th Cir. 2005). Whether a judge's actions were taken in her judicial capacity depends on whether: "(1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in [her] judicial capacity." <u>Id.</u> Federal public defenders are also immune from civil rights suits arising out of alleged malpractice. <u>See</u> <u>Sullens v. Carroll</u>, 446 F.2d 1392, 1392-93 (5th Cir. 1971) (per curiam) (holding court-appointed lawyers were immune from malpractice suits); <u>O'Brien v. Colbath</u>, 465 F.2d 358, 359 (5th Cir. 1972) (per curiam) (extending <u>Sullens</u> to civil rights actions against public defenders in federal prosecutions).

Judge Spaulding's ruling on Rogozinski's request for new counsel constituted a normal judicial function in a case pending before her. Her actions took place in open court and arose out of an appearance in front of her, during a hearing on Rogozinski's request for new counsel. Therefore, Judge Spaulding was acting in her judicial capacity and is entitled to absolute judicial immunity. Likewise, because Rogozinski's claim against Counts essentially alleges malpractice in the pretrial stage of his criminal case, Counts is also immune from a

3

civil rights suit. Therefore, Rogozinski's complaint fails to state a claim for relief against either defendant.

**AFFIRMED.**