[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13884
Non-Argument Calendar

_____

D.C. Docket Nos. 6:10-cv-01144-GAP-DAB; 6:08-cr-00028-GAP-DAB-1


MARCUS ROGOZINSKI,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 17, 2013)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Marcus Rogozinski appeals pro se the denial of his motion to vacate his conviction. 28 U.S.C. § 2255. Rogozinski argues that counsel had a conflict of interest and that his conviction was predicated on perjured testimony. We affirm.

The district court did not err in concluding that Rogozinski failed to prove that "an actual conflict of interest adversely affected his lawyer's performance." Caderno v. United States, 256 F.3d 1213, 1218 (11th Cir. 2001) (quoting Cuyler v. Sullivan, 446 U.S. 335, 348, 100 S. Ct. 1708, 1718 (1980)). Rogozinski criticized counsel before trial, but the district court determined at a pre-trial hearing that Rogozinski's dissatisfaction stemmed from counsel's refusal to file pretrial motions that Rogozinski had prepared. Later, Rogozinski filed a civil complaint against his counsel, but the district court dismissed that complaint as frivolous. We affirmed the dismissal of that complaint. Rogozinski v. Spaulding, 330 Fed. App'x 170 (11th Cir. 2009). Rogozinski argues that his pretrial motions should have been filed by counsel, but Rogozinski fails to identify what motions should have been filed or to explain how they would have affected his case. Rogozinski also alleges that counsel should have objected to certain questions and arguments made by the prosecutor and to the admission of a duplicate of a check, but counsel did not act inconsistent with Rogozinski's interests by failing to raise arguments that we rejected as meritless on direct appeal, United States v. Rogozinski, 339 F. App'x 963, 968-69 (11th Cir. 2009). See Freeman v. Att'y Gen., 536 F.3d 1225, 1233

2

(11th Cir. 2008) ("A lawyer cannot be deficient for failing to raise a meritless claim.").

The district court correctly concluded that Rogozinski's argument about perjured testimony was procedurally barred.   Rogozinski defaulted his claim that he was "indicted and/or convicted on perjured testimony" by failing to raise the argument on direct appeal.  See Bouslely v. United States, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611 (1998); Mills v. United States, 36 F.3d 1052, 1055 (11th Cir. 1994).  And Rogozinski failed to provide cause to excuse his default, see Reece v. United States, 119 F.3d 1462, 1465 (11th Cir. 1997), or to establish that he was actually innocent, see Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 851, 867 (1995).

We **AFFIRM** the denial of Rogozinski's motion to vacate his conviction.