# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50906

CLIFTON DELMAR JACKSON,

United States Court of Appeals
Fifth Circuit

**FILED**

May 7, 2014

Plaintiff-Appellant

Lyle W. Cayce
Clerk

v.

DETECTIVE SMITH; JEFF D. KELLY; AMADEO ORTIZ,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:13-CV-532

Before KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Clifton Delmar Jackson, Texas prisoner # 1729942, moves for leave to proceed in forma pauperis (IFP) to appeal the district court's dismissal of his 42 U.S.C. § 1983 complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) as frivolous and for failure to state a claim upon which relief can be granted. By moving to proceed IFP, Jackson is challenging the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor,* 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-50906

Jackson asserted that the defendants had failed to comply with a state court order that certain seized property be returned to him.  However, none of the arguments in his IFP motion address the district court's conclusion that there has been no deprivation of due process if a meaningful state remedy for the loss of property is available.  *See Hudson v. Palmer,* 468 U.S. 517, 533 (1984); *Brewster v. Dretke,* 587 F.3d 764, 768 (5th Cir. 2009).  Jackson does contest the district court's finding that his appointed attorney, Jeff Kelly, was not a state actor for purposes of § 1983 liability.  The district court correctly found that Kelly was not a state actor and that claims of legal malpractice may not be brought in a § 1983 proceeding.  *See Polk County v. Dodson,* 454 U.S. 312, 324-25 (1981); *O'Brien v. Colbath,* 465 F.2d 358, 359 (5th Cir. 1972).

For these reasons, Jackson has not shown that his appeal involves any arguably meritorious issue.  His motion to proceed IFP is denied.  *See Howard v . King,* 707 F.2d 215, 220 (5th Cir. 1983).  Because the appeal is frivolous, it is dismissed.  *See Baugh,* 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The district court's dismissal of Jackson's § 1983 complaint and our dismissal of this appeal as frivolous both count as strikes for purposes of § 1915(g).  *See Adepegba v. Hammons,* 103 F.3d 383, 385-87 (5th Cir. 1996).  Jackson is cautioned that if he accumulates three strikes under § 1915(g), he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

MOTION TO PROCEED IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.